ANNA SPAKOWSKI *vs.* ISIDORE KIRSHENBAUM.

JULY 30, 1956.

## ORDER

This complaint was brought by Anna Spakowski, of the city of Pawtucket in the state of Rhode Island, against

Isidore Kirshenbaum, a member of the bar of this state, for unprofessional conduct arising out of the relationship of attorney and client.

The complaint was presented first to the investigating committee, which functions by virtue of Rule 9 of the Rules of Practice of the Supreme Court. After investigating the sworn allegations thereof, that committee unanimously recommended that the matter be referred to the committee on complaints for a hearing, and at the same time two of its members were designated to assist complainant in presenting her claim and evidence at such hearing. The committee on complaints, commonly referred to as the hearing committee, also functions by virtue of Rule 9 of the Rules of Practice of this court.

Several hearings were held before such committee and much testimony was introduced. The respondent was given full opportunity to cross-examine adverse witnesses as well as to testify himself and present other evidence in his defense. It is unnecessary to restate the testimony in detail. For our purposes it is sufficient to indicate in general summary certain important facts which will assist in understanding the nature of the complaint and our decision.

It appears that the law firm of Kirshenbaum and Kirshenbaum, of which respondent is a member, undertook an engagement to act as attorneys for the complainant in relation to her claim for certain personal injuries. The claim arose out of an accident in the city of Pawtucket in midafternoon of December 30, 1953, on a clear day. While her attention was diverted by a signal from a woman in a passing automobile, she tripped over an oil hose which extended from an oil truck across the sidewalk to an adjoining building, causing her to fall against the building and later to require medical and hospital attention.

The complainant gave these and other essential facts of the accident to either a member of the law firm or a lawyer who was employed thereby. Later a writ was issued, a

declaration was prepared, and both were duly filed in the superior court. Thereafter as a result of negotiations by respondent, who was designated as the trial counsel, an offer of settlement for $1,500, which was soon increased to $1,750, was received and was recommended by respondent to complainant. For one reason or another this offer was not satisfactory to her. Thereupon, according to complainant's testimony, respondent became obviously irritated and exhibited great displeasure with her because of her refusal to accept the offer of settlement. He persisted in repeated attempts to influence complainant to accept that offer, or in the alternative to change her version of the accident and to testify, if the case had to be tried, that the hose was "jerked" or "yanked" while she was walking over it and thereby caused her to fall.

Upon her continued refusal to accept the offer of settlement respondent reluctantly began preparation for trial. The complainant testified further that when she refused to thus misrepresent the facts, because from the beginning she had stated she had tripped over the hose, respondent in effect refused to try the case unless he was paid $585 for his fee and the costs regardless of the outcome of the trial. This attitude continued despite the fact that no such arrangement had been made with complainant when the engagement was undertaken. According to her the arrangement was that she pay a contingent fee of one third the amount to be recovered.

In the course of preparation, however, respondent succeeded in obtaining increased offers of settlement, first of $1,900 and finally of $2,200. As a result thereof he increased the pressure to settle the case. Because of this and his disclosed attitude in not desiring to try her case, she finally signed a release, but later repudiated it on the ground that she refused to accept money obtained on any misrepresentation of the facts as then had been publicized. In some im-

portant respects complainant was corroborated by other witnesses and by certain admitted or undenied facts.

On the other hand respondent denied most, if not all, the direct and damaging statements of complainant. He further denied that he had attempted to influence complainant to testify falsely and denied that by his conduct or advice he had persisted in attempting to influence her to change her statement of the facts, or to coerce her into accepting the offer of settlement. He testified to his recollection of certain incidents that took place in his office and were relied on by complainant. The respondent did not deny, however, that in the beginning there was no special agreement which would warrant his subsequent insistence on payment of a substantial sum regardless of whether the case was won or lost, if he had to try it.

Other lawyers in respondent's office also testified for respondent, and in general some of their evidence was not disputed and other portions were in conflict with complainant's testimony in those respects. The committee on complaints in its report reviewed the charge and evidence and found in substance that respondent was guilty of unprofessional conduct in handling complainant's case and therefore recommended that he be disciplined by this court.

We have examined the transcript of evidence carefully and we cannot say that the hearing committee was clearly wrong in reaching its conclusions. The members of that committee saw and heard the witnesses as they testified and there is evidence to support their findings. From a reading of the transcript as a whole it is difficult to resist the conclusion that respondent's conduct was unprofessional. It went beyond the limits of justifiable advice or counsel with reference to a proper evaluation of the claim and the desirability of complainant's acceptance of the offer of settlement.

In any event his general attitude and statements, amounting to deliberately pursuing a course of conduct that was calculated to coerce the complainant into testifying at trial

under oath to facts which she had repeatedly told him were not true, is something which this court cannot dismiss lightly. The respondent's actions in this respect substantially violate the canons of ethics and the standards of proper professional conduct required of attorneys. On this record the infraction is serious enough to warrant discipline as recommended by the committee on complaints.

After consideration the report and recommendations of that committee are approved. Accordingly it is the judgment of the court that the respondent shall be and he is hereby suspended from engaging in the practice of law in this state beginning August 1, 1956 until further order of this court, provided, however, that upon a satisfactory showing of compliance in good faith with such suspension he may apply for reinstatement on November 8, 1956.

Entered as the order of this court this thirtieth day of July, A. D. 1956.

By order:
Raymond A. McCabe
*Clerk*

*Investigating Committee,* for complainant.

*Isidore Kirshenbaum,* respondent, *pro se.*